**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Carlos J.M.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General*, et al.,

Respondents.

Case No. 26-cv-2943 (ECT/DTS)

**REPORT AND RECOMMENDATION**

## INTRODUCTION

Petitioner Carlos J.M. has been detained by United States Immigration and Customs Enforcement (ICE) since June 11, 2026. Carlos J.M. challenges his detention through a Petition for Writ of Habeas Corpus. Because the Government unlawfully arrested him, the Court recommends the Petition be granted.

## FINDINGS OF FACT

Carlos J.M. is a native and citizen of Mexico who entered the United States in 2019 without inspection. Pet. ¶¶ 27–28, Dkt. No. 1.[1] ICE took Carlos J.M. into custody on June 11, 2026, "during a targeted worksite enforcement operation in Bemidji, Minnesota." Scarlett Decl. ¶ 5, Dkt. No. 6. According to ICE records, officers had "identified a work site with multiple subjects believed to be residing and working in the United States illegally," and upon conducting surveillance, "the subjects scattered and ran[.]" Dkt. No. 6-3 at 2. Following his arrest, ICE served Carlos J.M. with an I-200 administrative arrest

[1] The Court deems admitted the Petition's uncontested factual allegations. Order 2 n.2, *Dylan M. v. Blanche*, 26-cv-2802 (D. Minn. June 8, 2026) (Dkt. No. 12) (citing *Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994)).

warrant. Scarlett Decl. ¶ 5; Dkt. No. 6-1. The next day ICE issued and served Carlos J.M. with a notice to appear. Scarlett Decl. ¶ 6; Dkt. No. 6-2.

On June 12, 2026, Carlos J.M. filed the five-count Petition. *See* Pet. Count One requests declaratory judgment that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) violates the Fifth Amendment's Due Process Clause "absent some hearing or venue in which Petitioner might challenge that detention[.]" Pet. ¶¶ 65–66. *Id.* ¶¶ 61–64. In Count Two, Carlos J.M. contends that his mandatory detention violates his procedural due process rights. *Id.* ¶¶ 67–70. Count Three alleges that his arrest violated the Fourth Amendment by arresting him without a warrant or probable cause, along with violating statutes and regulations governing the arrest of noncitizens. *Id.* ¶¶ 71–80. In Count Four, Carlos J.M. claims the Government violated the *Accardi* doctrine. *Id.* ¶¶ 81–92. Count Five alleges ICE's conduct was arbitrary and capricious in violation of the Administrative Procedure Act. *Id.* ¶¶ 93–99.

For relief, Carlos J.M. requests: (1) a declaration that that his detention violates the Fifth Amendment's Due Process Clause; (2) immediate release from custody or, alternatively, a bond hearing; (3) a declaration that "Respondents' action is arbitrary and capricious"; and (4) reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act. Pet. 24–25 (Prayer for Relief).

## ANALYSIS

### I. Legal Standard

"A district court may grant a writ of habeas corpus to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States." *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025) (citing 28 U.S.C. § 2241(c)(3)). The

right to file a writ of habeas corpus "extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Jose J.O.E. v. Bondi*, No. 25-cv-3051, 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W. H.*, 782 F. Supp. 3d at 703).

## II. Statutory Framework: ICE's Arrest Authority

Federal agencies, such as ICE, "'literally [have] no power to act'—including under [their] regulations—unless and until Congress authorizes [them] to do so by statute." *Fed. Election Comm'n v. Ted Cruz for Senate*, 596 U.S. 289, 301 (2022) (quoting *La. Pub. Serv. Comm'n v. F.C.C.*, 476 U.S. 355, 374 (1986)). Congress has "provided two mechanisms by which 'it is appropriate to arrest an alien during the removal process." Order 4, *Jesus F.D. v. Mullin*, 26-cv-2486 (D. Minn. June 10, 2026) (Dkt. No. 10) (quoting *Arizona v. United States*, 567 U.S. 387, 407 (2012)). First, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Second, 8 U.S.C. § 1357(a) provides immigration officers with limited authority to make warrantless arrests. Relevant here, an immigration officer may arrest a noncitizen without a warrant "if he has reason to believe that the [noncitizen] so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" 8 U.S.C. § 1357(a)(2). "Because the Fourth Amendment applies to arrests of illegal aliens, the term 'reason to believe' in § 1357(a)(2) means constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

## III. I-200 Administrative Warrant

Carlos J.M. contends that his detention is unlawful because the Government arrested him without a warrant. Pet. ¶¶ 32, 82–85. Although he concedes that the Government issued an administrative warrant, he argues that "[a] Form I-200 warrant issued before removal proceedings is invalid." Pet. ¶ 83. The Government admits that "an I-200 can be issued only after a Notice to Appear has been filed." Dkt. No. 5 at 19; *see also Vladimir G., v. Blanche*, No. 26-CV-2971, 2026 WL 1786418, at *2 (D. Minn. June 22, 2026); *Pedro D.C. v. Blanche*, No. 26-cv-2450, 2026 WL 1759444, at *1–2 (D. Minn. June 18, 2026). Therefore, Carlos J.M. was arrested without a valid warrant.

## IV. Warrantless Arrest

Carlos J.M.'s arrest could nonetheless be lawful if the Government complied with § 1357(a)(2). *See* Order 4, *Jesus F.D. v. Mullin*, 26-cv-2486 (D. Minn. June 10, 2026) (Dkt. No. 10) (reasoning that a lawful arrest must precede § 1225(b)(2) mandatory detention).

The Government claims that it conducted a *Terry* stop of Carlos J.M. and when he fled the Government had probable cause to arrest him. Dkt. No. 5 at 19–23. The problem for the Government is that another court in this District has already addressed this same question as to an arrest at the same worksite on the same record. *See Alberto J.M. v. Blanche*, No. 26-cv-2944, 2026 WL 1906596 (D. Minn. July 2, 2026). The Court agrees with *Alberto J.M.* that ICE's "apprehen[sion]" of Carlos J.M. was an arrest, not a *Terry* stop. *Id.* at *4. From there, "probable cause to arrest is not established when the only particularized evidence against the suspect is his unprovoked flight. That's all the officers had here[.]" *Id.* at 5. Absent additional details, for example, ICE's basis for investigating

this worksite or Carlos J.M. in particular, the Court finds ICE arrested him without the requisite probable cause required by 8 U.S.C. § 1357(a)(2).[2]

## V. Remedy

Most courts, when faced with similar petitions, have ordered the petitioner's release from custody. Order 9–10, *Jesus F.D. v. Mullin*, 26-cv-2486 (D. Minn. June 10, 2026) (Dkt. No. 10) (ordering petitioner's release because his "warrantless arrest was not lawful under either §§ 1226(a) or 1357(a)(2)."); Order 9, *Ruben A.G. v. Blanche*, 26-cv-2041 (D. Minn. Apr. 20, 2026) (Dkt. No. 9) (ordering petitioner's release because "ICE agents did not act within their statutory authority in effectuating Petitioner's warrantless arrest"); *Alberto J.M.*, 2026 WL 1906596, at *5 (granting release). Accordingly, this Court recommends granting the Petition insofar as Carlos J.M. seeks his release.[3]

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Carlos J.M.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED;

2. Carlos J.M. be released from custody within the State of Minnesota at a time and place communicated to his counsel; and

[2] No doubt an evidentiary hearing could have been helpful here. But the Government asserted that "[t]he material facts necessary to decide this case are established by the Petition, the declaration submitted with Respondents' response, and the attached immigration records." Dkt. No. 5 at 28. It must live with the consequences of that decision.

[3] Having recommended release from custody, the Court does not reach Carlos J.M.'s alternative bases for habeas relief.

3. The Government be ordered to return Carlos J.M.'s property, if any, in its possession.

Dated: July 20, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

A party may file and serve specific written objections within **5 days** after being served a copy of this Report and Recommendation. A party may respond to those objections within **5 days** after being served a copy of the objections.[4] All objections and responses must comply with the word or line limits set for in LR 72.2(c).

[4] This schedule modifies the deadlines set by District of Minnesota Local Rule 72.2.